**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MILLIE COTHRAN,
Plaintiff-Appellee,

v.

No. 99-1238

RELIANCE STANDARD LIFE INSURANCE
COMPANY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-98-3489-6-20)

Argued: October 28, 1999

Decided: December 3, 1999

Before MURNAGHAN, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joshua Bachrach, RAWLE & HENDERSON, L.L.P.,
Philadelphia, Pennsylvania, for Appellant. Robert Edward Hoskins,
FOSTER & FOSTER, L.L.P., Greenville, South Carolina, for Appel-
lee. **ON BRIEF:** Stephen P. Groves, Jr., Duke R. Highfield, Stephen
L. Brown, YOUNG, CLEMENT, RIVERS & TISDALE, L.L.P.,
Charleston, South Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to § 502(a)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 - 1461, Millie Cothran sued the insurer and administrator of her former employer's group insurance policy, Reliance Standard Life Insurance Company ("Reliance Standard"), after Reliance Standard terminated her receipt of long-term disability payments. The district court concluded as a matter of law that Reliance Standard improperly terminated Cothran's benefits, and granted summary judgment in favor of Cothran. Reliance Standard now appeals the district court's ruling. Finding no reversible error, we affirm.

I.

Prior to 1996, Cothran was employed as a programmer/analyst for Davis Electrical Constructors, Inc., and was insured through her employer's long-term disability policy (the "Policy") with Reliance Standard. In January 1996, she submitted a claim for long-term disability benefits, listing both physical and psychological conditions that barred her from working. Reliance Standard approved her disability claim in May 1996, and it began paying benefits to Cothran. Reliance Standard's correspondence approving Cothran's disability claim placed no limitation on the benefits coverage duration, nor did it attempt to narrow the bases that support Cothran's claim.

In 1997, Reliance Standard sought and received more documentation from Cothran and her doctors. Those documents demonstrated Cothran's increased impairment, including additional physical problems as well as the physical and psychological conditions identified in 1996. Reliance Standard's 1997 correspondence still did not mention any limitations of the benefits coverage Cothran was receiving. Also in 1997, Cothran applied for Social Security disability benefits.

2

In December 1997, an administrative law judge reached a decision "fully favorable" with Cothran's claim, and awarded disability benefits based on his findings of both physical and psychological conditions amounting to "severe impairments" that"continued through at least the date of this decision."

In January 1998, Reliance Standard notified Cothran that her benefits were being terminated. For the first time, Reliance Standard informed Cothran that it considered her impairments as "mental or nervous disorders." Under the terms of the Policy, if disability is physical, the long-term disability benefits extend for the duration of the disability, or until the insured reaches age sixty-five. By contrast, for disabilities that are "due to mental or nervous disorders," the Policy provides benefits for no more than twenty-four months. Cothran appealed to Reliance Standard, seeking to alter its termination decision, and she provided additional medical records in support of her claim. When no relief was forthcoming, Cothran initiated this lawsuit in the district court.

In its review of Cothran's claim, the district court applied a "modified abuse of discretion" standard of review since Reliance Standard, as Plan Administrator, was subject to a conflict of interest in its handling of Cothran's claim. This conflict existed because Reliance Standard acted in a fiduciary capacity as Plan Administrator, and was also the insurer whose financial interest was at stake under the Policy.[1] See, e.g., Bernstein v. CapitalCare, Inc., 70 F.3d 783, 788 (4th Cir. 1995); Doe v. Group Hosp. & Med. Servs., 3 F.3d 80, 86-87 (4th Cir. 1993). Thus, the district court's review of Reliance Standard's decision properly considered Reliance Standard's conflict of interest as a factor in analyzing the reasonableness of its decision to terminate Ms. Cothran's benefits. See Bernstein, 70 F.3d at 788.

_____

[1] On appeal, Reliance Standard argues that the "modified abuse of discretion" standard does not apply, because, unlike in Doe, no "substantial" conflict of interest existed here. See Doe, supra Part I. Reliance Standard's conflict is, however, identical to that found by the Doe court to exist in that case, and the Doe court's reasoning applies with equal force here. See id.

3

The district court's review was limited to the administrative record, which included the evidence before the Plan Administrator at the time of its challenged decision. See Bernstein, 70 F.3d at 788. On the basis of the administrative record, the parties submitted cross-motions for summary judgment to the district court. The district court concluded, as a matter of law, that the Policy's limitation based on its undefined term "mental or nervous disorders" was ambiguous as applied to Cothran's condition. Having found this ambiguity to exist, the court construed the terms of the Policy against its drafter, Reliance Standard.[2]

Reliance Standard appeals the district court's resulting order granting Cothran's summary judgment motion and denying Reliance Standard's cross-motion. In considering an award of summary judgment regarding ERISA health benefits, we review the district court's decision de novo, employing the same standards applied by the court below. See Bernstein, 70 F.3d at 787 (citation omitted).

II.

We have carefully considered the briefs and oral arguments on behalf of the parties, and we have examined the administrative record pertinent to their positions. We find no reversible error, and we are content to adopt the opinion of the district court and affirm on its reasoning. See Cothran v. Reliance Standard Life Ins., CA No. 6:98-3489-20 (D.S.C. Feb. 9, 1999).

AFFIRMED

_____

[2] Reliance Standard contends that substantial evidence supported its decision, under its view of the applicable legal standard, and thus that the district court's decision to the contrary was error. The administrative record abundantly demonstrates Cothran's disabling physical conditions, however, and the district court did not err in applying the proper legal standard to the record in this case.

4